## 27250. GATES v. THE STATE.

GUNTER, Justice. The appellant here was convicted in the trial court for the offense of armed robbery and for two misdemeanor offenses. He received sentences totaling ten (10) years of confinement. He filed a motion for a new trial which was denied by the trial judge, and he has appealed from that judgment.

Four enumerated errors alleged to have been committed in the trial court are insisted upon here.

1. The first complaint is that the trial court overruled appellant's motion to suppress certain evidence on the ground that the police had no probable cause or underlying facts to make a warrantless search of an automobile in which appellant was apprehended, and the result of the warrantless search was the seizure of the evidence found in the automobile and sought to be suppressed.

The transcript shows that the appellant was in the automobile from which the items sought to be suppressed were taken. Some of the items seized were in plain view of the officer stopping the vehicle; they were items ordinarily used in the commission of robberies; and under these circumstances, in our opinion, the seizure of these items by the officer, though he had no warrant, was legally justified.

The overruling of the motion to suppress was not error.

2. Appellant's second complaint is that he was effectively denied assistance of counsel at a line-up conducted some six hours after he was taken into custody. Conceding that the appellant was effectively denied counsel at the line-up, several witnesses identified the appellant as having committed the armed robbery, their identifications were based on their seeing the appellant at the scene of the robbery, and their identifications were completely independent of any line-up. The record therefore fails to show harmful error that would warrant reversal of these convictions. See *Carmichael v. State*, 228 Ga. 834 (188 SE2d 495) (1972).

3. The third error enumerated complains of a portion of the

court's charge to the jury with respect to transactions similar to the ones for which the appellant was indicted in this case. During the trial the appellant had taken the stand to give an unsworn statement and also for the purpose of cross examination by the district attorney. He admitted previous arrests on armed robbery charges. In this context we conclude that giving the charge complained of was not error. See *Walker v. State,* 226 Ga. 292 (174 SE2d 440) (1970).

4. During the sentencing phase of the trial the State introduced evidence of two prior convictions of the appellant over the appellant's objection. The objection was that the State had not "made known" to the appellant prior to his trial that this evidence would be introduced. Our statute provides that only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible at the sentencing phase of the trial. *Code Ann.* § 27-2534.

The State contended that the appellant's attorney had "been told" of prior convictions of the appellant prior to the trial but had not specifically informed appellant's counsel that this specific evidence of prior convictions would be relied on by the State and introduced in evidence at the sentencing phase of the trial.

Appellant's counsel contended that the State had not put him on notice that the specific evidence offered would be used by the State during the sentencing phase of the trial.

We believe that this statute means that notice of each specific conviction to be introduced in evidence by the State at the sentencing phase of the trial should be given to the party on trial or his attorney. And the fact that such notice was given should be clear and not cloudy, as in this case.

We conclude that this enumerated error has merit. The judgment is reversed, and a new trial is ordered on the issue of punishment only. *Code Ann.* § 27-2534.

*Judgment reversed with direction. All the Justices concur.*

ARGUED JULY 11, 1972—DECIDED DECEMBER 4, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Joel M. Feldman, Carter Goode, Joseph J. Drolet, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.