## S92G0106. SINKFIELD v. THE STATE.
### (416 SE2d 288)

BENHAM, Justice.

In his appeal to the Court of Appeals from his conviction of aggravated assault, appellant enumerated as error the trial court's consideration of a previous indictment for aggravated assault, in aggravation of punishment. In support of its conclusion that the enumeration of error presented nothing for review, the Court of Appeals quoted *Tommie v. State*, 158 Ga. App. 216 (1) (279 SE2d 510) (1981), as follows:

> This court will not review for legal error any sentence which is within the statutory limits — as in the instant case. [Cits.] Any question as to the excessiveness of a sentence which is within legal limits should be addressed to the sentence review panel, as provided in [OCGA § 17-10-6].

*Sinkfield v. State*, 201 Ga. App. 284 (6) (411 SE2d 68) (1991). We granted the writ of certiorari in this case to consider the Court of Appeals' holding on that issue.

1. While the quotation relied upon by the Court of Appeals is undoubtedly a correct statement of the law, it did not properly address the enumeration of error raised by appellant. Appellant's enumeration of error did not call into question the excessiveness of the sentence, but the propriety of the process the trial court used in considering evidence in aggravation of punishment. The rule stated in *Tommie v. State*, supra, applies only when it is alleged that there is legal error in the sentence itself, not when it is alleged that there was legal error committed by the trial court in a matter of trial procedure. Because procedural matters relating to sentencing are subject to review even though the sentence itself is within the statutory limit, appellant was entitled to review of his enumeration of error concerning the evidence taken at the presentence hearing.

2. One of appellant's complaints about the evidence in aggravation of punishment is that the notice of intent to present such evidence was not timely given. The record establishes that appellant's complaint in that regard is meritorious since the prosecuting attorney stated on the record that notice was not given until just before opening statements to the jury, and OCGA § 17-10-2 (a) requires that notice be given "before trial." Since jeopardy attaches when the jury is sworn (*Haynes v. State*, 245 Ga. 817 (268 SE2d 325) (1980)), and that occurs before opening statements to the jury are given, it is clear that notice was not given, as the statute requires, before trial.

A worse problem appears, however, from an examination of the evidence which the State actually presented at trial, which was not

the record of a prior conviction, but of a prior indictment.[1] The statute permits the introduction of evidence in aggravation of punishment "including the record of any prior criminal convictions and pleas of guilty or nolo contendere. . . ." It is clear from that language that the legislature intended that such evidence show that the defendant was found guilty or admitted guilt of another offense. This court held in *Dorsey v. Willis*, 242 Ga. 316 (249 SE2d 28) (1978), that mere rumors concerning the conduct of the defendant would not be admissible, and although an indictment is certainly more than mere rumor, it is too much less than a conclusive determination of guilt to permit its use in aggravation of punishment.

We find unpersuasive the State's argument that any error was waived because defense counsel did have an opportunity to review the indictment. In contrast to the situation in both *Roberts v. State*, 252 Ga. 227 (11) (314 SE2d 83) (1984), and *Franklin v. State*, 245 Ga. 141 (5) (263 SE2d 666) (1980), where the appellants did not deny that the evidence showed their prior convictions, appellant here correctly denies that the evidence shows his conviction. We conclude, therefore, that appellant's sentence must be vacated and this case remanded to the trial court for resentencing in compliance with OCGA § 17-10-2. The judgment of the Court of Appeals, insofar as it declined to review appellant's sentence, is reversed.

*Judgment reversed as to sentence. All the Justices concur.*

DECIDED MAY 27, 1992.

*Virgil L. Brown & Associates, Virgil L. Brown, Anne C. Allen,* for appellant.
*William G. Hamrick, Jr., District Attorney,* for appellee.

---

[1] Although the State insists on appeal that the document proffered at trial was a certified copy of a conviction, the record contains only an indictment to which appellant pled not guilty.