A97A2511. POWELL v. THE STATE.
(494 SE2d 200)

JOHNSON, Judge.

Acting pro se, Charlie Lee Powell directly appeals from the denial of his motion to correct an illegal sentence. See *Jackson v. State*, 223 Ga. App. 471 (1) (477 SE2d 893) (1996); *Jefferson v. State*, 205 Ga. App. 687 (1) (423 SE2d 425) (1992); *McCranie v. State*, 157 Ga. App. 110, 111 (2), (3) (276 SE2d 263) (1981).

Powell was indicted on four charges: sale of cocaine, possession of cocaine with intent to distribute, aggravated assault and felony obstruction of a law enforcement officer. Following the presentation of the state's case, Powell's trial counsel announced Powell wanted to plead guilty to three of the four charges. The prosecutor informed the court that the parties had reached the following plea agreement: In exchange for a guilty plea as to the cocaine and obstruction charges, the state would enter a nolle prosequi on the aggravated assault charge; and, with the court's approval, Powell would be sentenced to life imprisonment on the cocaine charges and five years to serve on the obstruction charge. The prosecutor asked the court to run the sentences on various counts concurrently, to run concurrently with a revoked probated sentence from a previous sale of cocaine conviction, and to give Powell credit for time served since his arrest. The trial court made various inquiries about the facts of the case, the plea, and the recommended sentences. The trial court then accepted the plea and imposed the recommended sentences.

1. In several related enumerations of error, Powell argues that the trial court erred in imposing a life sentence because the state did not comply with the provisions of OCGA § 17-10-2 (a). This issue was decided adversely to Powell in *Martin v. State*, 207 Ga. App. 861 (429 SE2d 332) (1993). "OCGA § 17-10-2 (a) is applicable and the State is

bound by its pre-trial notice requirements in cases wherein sentence is to be imposed after a jury trial, a bench trial or probation revocation proceedings for a first offender. . . . OCGA § 17-10-2 (a) is not made expressly applicable to sentences imposed in the context of guilty plea hearings. . . . [E]ven assuming the applicability of OCGA § 17-10-2 (a) in the context of guilty plea hearings generally, [Powell's] sentences were nevertheless imposed pursuant to a plea bargain agreement. Such an agreement may be considered as a contract. Plea bargain negotiations can serve the same purpose as the giving of notice under OCGA § 17-10-2 (a). That statute does not require written notice, only 'clear notice.' When plea bargain negotiations are conducted, the defendant can be given 'clear notice' of what the State intends to rely upon in aggravation of sentencing at the guilty plea hearing." (Citations and punctuation omitted.) Id. at 862.

As in the *Martin* case, Powell knew the terms of the agreement, chose to truncate the trial after presentation of the state's case, and knew that if he rejected the state's offer he could have received an enhanced sentence on the obstruction charge as well as a separate sentence on the aggravated assault charge.

The cases relied upon by Powell in support of his argument that the state failed to comply with the pretrial notice requirements of OCGA § 17-10-2 (a) are distinguishable. In the cases cited by Powell, sentence was imposed after a verdict had been returned after a trial, or conviction entered, not after a negotiated plea had been entered and sentence imposed by the trial court. See *Armstrong v. State*, 264 Ga. 237 (442 SE2d 759) (1994); *Sinkfield v. State*, 262 Ga. 239 (416 SE2d 288) (1992); *Stephens v. State*, 219 Ga. App. 881 (467 SE2d 201) (1996); *Payne v. State*, 219 Ga. App. 318 (464 SE2d 884) (1995); *Ross v. State*, 210 Ga. App. 455 (436 SE2d 496) (1993).

2. Powell's argument that the requirements of OCGA § 17-10-2 (a) are defenses which cannot be waived is also unpersuasive. "A defendant may waive rights which exist for his own benefit, but he may not waive those which belong to the public generally. The [requirements of OCGA § 17-10-2 (a)] do not affect the jurisdiction of the court and [do] not benefit the public generally; the only person who will ever enjoy this protection is a criminal defendant. If that defendant wishes to waive the protection, no other party is harmed. As the protection afforded by [OCGA § 17-10-2 (a)] is statutory in origin, does not affect the court's jurisdiction, and is personal to an individual defendant, it . . . can be waived." (Citations and punctuation omitted.) *State v. Barrett*, 215 Ga. App. 401, 405 (2) (451 SE2d 82) (1994). The requirements of OCGA § 17-10-2 (a) were personal to Powell; could be waived, and, in fact, were waived by his decision to enter a plea and accept a negotiated sentence.

"The parties made a bargain. There is no evidence in the record

that the State failed to live up to its part of the bargain. Having accepted the benefit of the bargain with the State and secured the dismissal of [the aggravated assault charge], it is [Powell] who now seeks to avoid living up to his part of the bargain. This he cannot do. Public policy and the great ends of justice require that the arrangement between the public prosecutor and [Powell] be carried out." (Citations and punctuation omitted.) *Martin*, supra at 863.

The sentence imposed was not illegal for the reasons asserted by Powell, and the trial court did not err in denying his motion to correct it.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 28, 1997.

Charlie L. Powell, *pro se*.
*Fredric D. Bright, District Attorney, Gregory L. Bushway, Assistant District Attorney*, for appellee.