### S99A0924. ZANT v. MEANS.
(522 SE2d 449)

HINES, Justice.

This appeal is from the grant of a petition for habeas corpus on a claim of ineffective assistance of trial counsel. Because the habeas court ruled that Means was prejudiced by counsel's conduct without there being any evidence showing such prejudice, we reverse.

Means was indicted in 1992 on charges of kidnapping, rape, and aggravated assault. When he was apprehended in Colorado, he told police that he had "raped a girl back there," but Means later told counsel that he believed he was not guilty of rape because no penetration occurred, although he ejaculated outside the victim's vagina. Counsel arranged for a DNA test which showed that the victim's vaginal sample contained DNA from only the victim. By plea agreement, Means pled guilty to the rape charge and received a recommended sentence of 20 years; an order of nolle prosequi was entered on the kidnapping and aggravated assault charges. At the plea hearing and after recitation of the facts of the case, Means stated that he was, in fact, guilty of rape.

Means filed a petition for habeas corpus relief challenging his conviction and sentence, claiming ineffective assistance of counsel. He contends that the victim's medical record prepared after the event included her statement that the perpetrator did not penetrate her, and that counsel had not arranged to see this document, and that if he had, counsel would have recognized a complete defense to the rape charge.[1] Counsel testified that he had not seen the record and had

---

[1] The medical record from the victim's initial examination was not admitted into evidence, but is in the record before this Court, and states that the victim reported "no oralgenital, or penetration unsure of ejaculation or penetration [illegible] for momentary penetrations." The hospital laboratory report is also in the record and states "sperm present."

not spoken with the victim, but that even if he had, his advice would have remained that Means plead guilty to rape. Because of counsel's examination of the DNA test result and his discussions with Means, counsel was convinced that Means had a viable "no penetration" defense to the rape charge, but counsel also testified that even after discussing this with the prosecuting attorney, the only plea arrangement to which the prosecuting attorney would agree was a guilty plea on the rape charge. Counsel saw no viable defense to the kidnapping or aggravated assault charges and recognized the possibility that the victim could testify at trial that there had been penetration. Considering that the maximum penalty for rape was life in prison and the other charges each carried 20-year maximum sentences, counsel believed that by far the wisest course was to accept the State's offer of a guilty plea on the rape charge and a recommendation of a 20-year sentence.

The habeas court found that counsel's performance was deficient and granted the writ.[2] Zant contends this was error.

In order to prevail on a claim of ineffective assistance of counsel, Means must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). As Means pled guilty, he must prove that had it not been for the deficient performance of counsel, he would not have pled guilty and instead would have gone to trial. *Thompson v. Greene*, 265 Ga. 782, 785 (2) (462 SE2d 747) (1995).

Because Means has failed to show prejudice, we need not address the habeas court's determination that counsel's performance was deficient. A claim of ineffective assistance of counsel is a mixed question of law and fact. *Strickland*, supra at 698; *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993). The proper standard of review requires that we accept the habeas court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. *Turpin v. Mobley*, 269 Ga. 635, 639 (3) (502 SE2d 458) (1998).

As regards prejudice, the habeas court's order recites: "Petitioner has also shown that but for this unprofessional lack of assistance by Counsel, the result of the proceedings would have been different. Under the available facts in this case it would have been reasonable

---

[2] Zant originally appealed to this Court arguing that the habeas court had applied the incorrect standard. This Court remanded the case to the habeas court to enter findings of fact and conclusions of law based on the standard set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See *Zant v. Means*, Case No. S98A1864 (decided January 15, 1999). The habeas court did so and found that counsel's performance was deficient, and that counsel's failure to consider the medical record evidence prejudiced Means.

after obtaining the evidence in the case for Counsel to file a pre-trial motion or recommended [sic] to his client that since he had a defense to the charge of rape that they go to trial." However, the only evidence of the effect of any examination by counsel of further evidence is counsel's testimony that he would not have made any such recommendation even if he had seen the document at issue. Knowing he had a "no penetration" defense to the rape charge, Means still chose to plead guilty to that charge, stating that he was, in fact, guilty. At the habeas hearing, there was no evidence that Means would have insisted on going to trial despite counsel's continued recommendation to plead guilty to rape, and there was no evidence of what pretrial motion should have been made, what its likelihood of success would have been, or how that would have altered counsel's decision to recommend accepting the plea agreement. In the absence of any evidence showing prejudice as a result of counsel's actions, the habeas court erred in granting the petition.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., and Sears, J., who dissent.*

SEARS, Justice, dissenting.

Because I believe the majority errs in concluding that there is insufficient evidence to support the habeas court's finding of prejudice on Means's ineffective assistance of counsel claim, I dissent.

The majority bases its holding on trial counsel's testimony that, even if he had seen the victim's medical record in which she stated that Means did not penetrate her, he would nevertheless have recommended that Means plead guilty. In this regard, the majority notes that a factor leading to this testimony by trial counsel was trial counsel's recognition that, despite the DNA test results, which provided Means with a "no penetration" defense, the victim could have testified at trial that penetration had occurred. Moreover, another factor that led to trial counsel's testimony that he would not have changed his recommendation even if he had seen the report was the fact that at the time of the plea negotiations Means had the "no-penetration" defense based upon the DNA test results, and yet the prosecutor would agree only to a plea of guilty to rape. In relying on trial counsel's testimony to conclude that Means failed to prove prejudice, what the majority fails to recognize is that the habeas court was authorized to infer from the victim's medical record (1) that it would have been unlikely the victim would have testified at trial that penetration had occurred and (2) that Means's "no penetration" defense would have been significantly strengthened. These reasonable inferences also authorized the habeas court to conclude that the plea negotiations would have been significantly altered by trial counsel's knowledge of the victim's medical report, and authorized the habeas

court to discount trial counsel's testimony that he would not have changed his recommendation even if he had known of the report at the time of the plea negotiations. I therefore believe that the evidence of the medical report itself, coupled with trial counsel's testimony, authorized the habeas court to find that there is a reasonable probability that, but for counsel's error in failing to obtain the medical report before the plea negotiations, the result of those negotiations would have been different.[3]

For these reasons, I dissent to the majority's conclusion that Means failed to show prejudice. I am authorized to state that Presiding Justice Fletcher joins in this dissent.

DECIDED OCTOBER 18, 1999 —
RECONSIDERATION DENIED NOVEMBER 15, 1999.

Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Daniel G. Ashburn, Angelica M. Woo, Assistant Attorneys General, for appellant.

Stephen T. Maples, Bernard Knight, for appellee.

---

[3] See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).