## A00A0252. BURRUSS v. THE STATE.
(529 SE2d 375)

McMURRAY, Presiding Judge.

Defendant was indicted for one count of obtaining a controlled substance by fraud. By accusation, he was charged with driving after being declared a habitual violator, reckless driving, driving under the influence of alcohol to the extent that it was less safe for him to drive, operating a motor vehicle without proof of insurance, driving with an expired State tag, and driving on the wrong side of the road. Defendant entered into plea bargain negotiations as to the offenses charged. An agreement was reached whereby he agreed to enter an

---

[21] See *M. R.*, supra; *C. L. R.*, supra.

open-ended guilty plea to such offenses. In exchange, the State agreed to offer defendant's three prior felony convictions in aggravation of punishment only and waived prosecuting the defendant as a recidivist under OCGA § 17-10-7. A hearing was held wherein the superior court accepted the guilty pleas and, without objection from defendant, imposed an eight-year sentence without parole pursuant to OCGA § 17-10-7 (c)[1] as to the charge of obtaining a controlled substance by fraud to run concurrent to its sentence on the traffic violations.[2] Thereafter, the trial court granted defendant's motion to reconsider its sentence as to the charge of obtaining a controlled substance by fraud and resentenced defendant therefor to serve five years, this time omitting the words "without parole" set out in its original order and again providing that its sentence, as reconsidered, be served concurrently with that imposed against defendant for his traffic offenses. In signing its final order resentencing defendant nunc pro tunc to the date of the original order on sentence, the superior court restored the language it omitted in granting defendant's motion for reconsideration of sentence, specifying that the sentence was to be served without parole. Defendant filed a timely notice of appeal and enumerates that: (1) the superior court impermissibly enhanced his sentence by adding language to its final order on sentence providing that the sentence was without parole pursuant to OCGA § 17-10-7 (c); and (2) the sentence upon accusation as to his traffic offenses was illegal since the State's attorney had not given defendant notice of his intent to prosecute him as a recidivist. *Held*:

1. The superior court did not err in resentencing defendant to confinement to be served without parole by its final order on resentence. Although in granting defendant's motion for reconsideration of sentence the superior court omitted the words "without parole" required under OCGA § 17-10-7 (c), it validly resentenced the defendant upon entering its final order on resentence correcting such omission. See *Conrad v. State*, 217 Ga. App. 388, 390-391 (3) (457 SE2d 592). " '[I]f the sentence imposed was a void sentence, then a new and valid sentence can be imposed . . . at any time.' (Punctuation and citations omitted.) *McCranie v. State*, 157 Ga. App. 110, 111 (276 SE2d 263) (1981)." *Gonzalez v. State*, 201 Ga. App. 437, 438 (411

---

[1] The superior court correctly noted in this regard that defendant's conviction of obtaining a controlled substance by fraud was defendant's fifth felony.

[2] On these the superior court sentenced defendant to five years to serve on Count 1 (habitual violator), twelve months to serve on Count 2 (reckless driving), twelve months to serve and a $1,000 fine on Count 3 (driving under the influence), six months to serve on Count 4 (driving without proof of insurance), a $50 fine on Count 5 (driving with an expired State tag), and twelve months to serve concurrent on Count 6 (driving on the wrong side of the road).

SE2d 345). The superior court did not err in doing so in the case sub judice.

2. Neither is there merit in defendant's claim that the superior court erred in sentencing him as a recidivist under OCGA § 17-10-7 for want of notice of the State attorney's intent to prosecute him as such under OCGA § 17-10-2 (a). OCGA § 17-10-2 (a) is not applicable to sentences imposed pursuant to a hearing on a guilty plea. *Powell v. State*, 229 Ga. App. 52 (1) (494 SE2d 200). Further, defendant's complaint that he was not given appropriate notice notwithstanding, defendant's counsel offered no objection to the admission of his prior convictions. Thus, even had there been error attendant thereto (and we find none), it would have been waived. *Howard v. State*, 233 Ga. App. 724, 726 (1) (a) (505 SE2d 768); *Hatcher v. State*, 224 Ga. App. 747, 750 (2) (a) (482 SE2d 443).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 3, 2000.

*Barr, Warner, Lloyd & Pine, John V. Lloyd*, for appellant.
Frank P. Burruss, *pro se.*
*Spencer Lawton, Jr., District Attorney, Michael K. Dennard, Assistant District Attorney*, for appellee.