## S00A0059. WEST v. WATERS.
### (533 SE2d 88)

BENHAM, Chief Justice.

On January 3, 1990, Tony West was found guilty of two counts of the sale of cocaine and was sentenced to concurrent life sentences. On direct appeal, West's convictions and sentences were affirmed in an unreported decision. On March 18, 1998, West filed a petition for habeas corpus on three enumerated grounds, but at the evidentiary hearings narrowed his focus to a single contention: that he received ineffective assistance of counsel when his counsel failed to object to the state's use of a prior conviction in aggravation of punishment without providing timely notice of its intent to use the prior conviction. The habeas court denied relief on February 22, 1999, finding that the ineffective assistance claim lacked merit and that the remaining grounds were procedurally defaulted. West then sought an appeal, and this Court granted his application on September 20, 1999.

In order to show that his counsel was ineffective, West must demonstrate both that his counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Brady v. State,* 270 Ga. 574 (4) (513 SE2d 199) (1999); *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In order to demonstrate the first prong of the test, West must overcome the strong presumption that trial counsel's conduct at trial falls within a "wide range of professional conduct" and that all significant decisions were "made in the exercise of reasonable professional judgment." Id. In meeting the second prong of the test, West must show that a reasonable probability exists that the result of the trial would have been different but for counsel's unprofessional errors. Id. In an appeal from the denial of habeas corpus relief, "[t]he proper standard of review requires that we accept the habeas court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Zant v. Means,* 271 Ga. 711, 712 (522 SE2d 449) (1999).

1. OCGA § 17-10-2 requires "clear notice" to an accused of all previous convictions that the state intends to introduce at trial to " 'allow a defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other

defect which would render such documents inadmissible during the pre-sentencing phase of the trial.' [Cit.]" *Potts v. State*, 241 Ga. 67 (14) (243 SE2d 510) (1978). The habeas court did not find that the state provided clear notice before trial to defendant that his prior convictions would be used to increase his sentence. The habeas court found that the state provided formal written notice prior to sentencing, but did not find that the notice was provided before the jury was sworn. See *Sinkfield v. State*, 262 Ga. 239 (2) (416 SE2d 288) (1992). While clear notice need not be in writing, there is no indication in the record that the state orally gave defendant clear notice before trial, even though the habeas court noted that trial counsel met with the Assistant District Attorney in an attempt at plea bargaining the case. Compare *Bowden v. Zant*, 244 Ga. 260 (15) (260 SE2d 465) (1979).

Waters cites *Martin v. State*, 207 Ga. App. 861 (429 SE2d 332) (1993), for the proposition that plea negotiations can serve the purpose of notice that prior convictions may be used in aggravation of the sentence. However, *Martin* is distinguishable from the instant case. In *Martin*, a defendant actually entered into a plea agreement and was well aware that if he accepted the State's offer and pled guilty to two of the three offenses for which he was charged, the State intended to seek imposition of a mandatory life sentence for one of those offenses. He was also aware that if he rejected the State's offer, he could then be tried separately on the three offenses and faced the possibility of not only a life sentence for one of the three counts of selling cocaine, but also the possibility of enhanced sentences for all the other offenses as well.

In the instant case, trial counsel attempted to enter into a plea bargain, but the state refused. There is no indication that the state told trial counsel that it refused to accept a plea bargain because it intended to use West's prior convictions in seeking a mandatory life sentence. The dissent quotes language from the hearing transcript in an attempt to show that the prosecutor provided West's attorney with the notice required by law as follows: "Now, *in the context of that negotiation*, was it clear to you . . . that if you pled guilty, he *would* be sentenced to life; am I correct?" (Emphasis supplied.) However, the portion of the transcript quoted only reflects that counsel was aware of the potential consequences of pleading guilty or being found guilty by a jury, not that the state made counsel aware of its intent by its unwillingness to allow West to plea bargain. The dissent misinterprets and adds to counsel's testimony in order to reach the conclusion that the prosecutor gave clear notice of its intent to seek a life sentence through use of West's prior convictions. Only by speculation can we assume that the state provided West with the notice to which he is entitled under law. Since the record does not reflect that West

received clear notice of the state's intent prior to trial, he was entitled to have his prior convictions excluded from consideration in sentencing. Thus, we must conclude that trial counsel's performance was deficient due to his failure to object to the state's use of West's prior conviction in aggravation of his sentence without timely notice as required by OCGA § 17-10-2.

2. Waters argues that since West's counsel was aware of his prior convictions, West cannot demonstrate he suffered actual prejudice. However, in *Gates v. State*, 229 Ga. 796 (4) (194 SE2d 412) (1972), this Court held it was error for a trial court to admit evidence of two prior convictions over appellant's objections where notice of each specific conviction to be introduced in evidence by the state was not given before trial and ordered a new trial on the issue of punishment, even though appellant's attorney had been informed of appellant's prior convictions by the state before trial. Thus, we also conclude that trial counsel's deficient performance prejudiced West's defense.

3. Notwithstanding the foregoing, in *McDuffie v. Jones*, 248 Ga. 544 (4) (283 SE2d 601) (1981), this Court held that an attorney's failure to object to the admission of a probation report where the state had not given notice before trial to the defendant of its intent to introduce the report into evidence was not ineffective assistance of counsel. The Court acknowledged that it was error for the trial court to consider the probation report in aggravation of sentence where the state had not provided notice of its intent to admit the report, but agreed with the habeas court that defendant waived his right to have the report excluded from consideration in sentencing by his failure to object to its admission at the presentencing hearing. *McDuffie*, supra at 549-550. However, in deciding the defendant's ineffective assistance of counsel claim, the Court held that counsel provided reasonably effective assistance notwithstanding counsel's error in failing to object to admission of the report. *McDuffie*, supra at 551. The Court provided no explanation for this holding except to state, "The right of effective counsel does not mean that an accused is entitled to errorless counsel or counsel judged ineffective by hindsight but to counsel rendering reasonably effective assistance. [Cits.]" Id. While the Court correctly stated the law on this issue, it is clear that counsel's representation of the defendant in *McDuffie*, as well as counsel's representation in the instant case, cannot be considered reasonably effective. *Strickland v. Washington*, supra. Since the Court recognized without question that counsel committed an error and that this error prejudiced him because it resulted in an enhanced sentence, *McDuffie* is in error. Id. For this reason, we overrule *McDuffie* to the extent that it holds that the failure of defense counsel to object to a prior conviction presented in aggravation of sentence without timely notice does not constitute ineffective assistance of counsel.

Additionally, in *Watkins v. State*, 207 Ga. App. 766 (8) (430 SE2d 105) (1993), the Court of Appeals held that since defense counsel was aware of the existence of a defendant's prior conviction, any error that arose from the state's failure to notify the defendant before trial that the prior conviction would be admitted in aggravation of his sentence was harmless. However, this holding significantly undermines enforcement of the notice requirements of OCGA § 17-10-2. For this reason, and because the case is in conflict with other rulings we have issued, we overrule *Watkins* to the extent it holds that the failure of defense counsel to object to the admission of a prior conviction offered in aggravation of sentence without notice to the defendant before trial is harmless error where defense counsel is aware of the conviction.

Accordingly, since we have determined that West's attorney performed deficiently in failing to object to the admission of his prior convictions and that this deficiency prejudiced him, we reverse the contrary decision of the habeas court with respect to sentencing.

*Judgment reversed as to sentence only. All the Justices concur, except Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

I agree with the majority that OCGA § 17-10-2 (a) requires clear pre-trial notice to an accused of all previous convictions that the State intends to introduce during sentencing for recidivist purposes. I further agree that the requirement of the statute is not met simply because defense counsel knows of the existence of the prior convictions. *Armstrong v. State*, 264 Ga. 237, 238 (2) (442 SE2d 759) (1994); *Gates v. State*, 229 Ga. 796, 797 (4) (194 SE2d 412) (1972). The undisputed evidence in this case, however, demonstrates that the State provided West's lawyer with notice of more than the existence of his client's prior convictions. Through plea negotiations prior to trial, West's trial attorney learned of the State's intent to use the prior convictions at sentencing. Because the prosecutor thereby fulfilled the notice requirement of OCGA § 17-10-2 (a), the trial court would not have been authorized to exclude West's previous convictions on the ground of untimely notice even had counsel objected thereto. Therefore, defense counsel's failure to object on this meritless ground did not make his performance deficient. Accordingly, I dissent to the reversal of the habeas court's judgment.

In relevant part, OCGA § 17-10-2 (a) provides "that only such evidence in aggravation as the [S]tate has made known to the defendant prior to the defendant's trial shall be admissible. . . ." This statute does not specify a particular method of giving the required notice. *State v. Freeman*, 198 Ga. App. 553, 556 (3) (402 SE2d 529) (1991). "Plea bargain negotiations can serve the same pur-

pose as the giving of notice under OCGA § 17-10-2 (a). That statute does not require written notice, only 'clear notice.' [Cit.]" *Martin v. State*, 207 Ga. App. 861, 862 (429 SE2d 332) (1993). See also *Mullinax v. State*, 242 Ga. App. 561, 563 (2) (530 SE2d 255) (2000). The State provides such clear notice when, in the course of plea negotiations, it either explicitly informs defense counsel that it will introduce prior convictions during sentencing or necessarily implies that it will do so. See *Martin v. State*, supra at 862. At the habeas hearing here, West's trial attorney testified that he discussed the case with the assistant district attorney in an effort to negotiate a plea to a charge other than the sale of cocaine, so that West would not face the dire consequence of a life sentence. The majority correctly indicates that defense counsel independently determined that the State *could* seek a life sentence by introducing West's prior convictions at sentencing. However, the majority erroneously asserts that the record fails to reflect "that the [S]tate made counsel aware of its intent. . . ." To the contrary, the transcript reveals that West's lawyer gained information regarding the State's intent during the plea negotiations. He responded affirmatively when asked, "Now, *in the context of that negotiation*, was it clear to you . . . that if you pled guilty, he *would* be sentenced to life; am I correct?" (Emphasis supplied.) (T. 44. See also T. 47) Such certitude by defense counsel, especially in the context of plea negotiations, makes no sense unless the prosecutor made it clear that she intended to seek a life sentence, because West could have received such a sentence *only* through the State's utilization of a prior conviction. OCGA § 16-13-30 (d); *Armstrong v. State*, supra at 238 (1).

Although *Martin* is not identical to this case, West knew from the plea negotiations prior to trial, just as clearly as did the defendant in *Martin*, that he faced the possibility of an enhanced sentence. See *Martin v. State*, supra at 862. Thus, OCGA § 17-10-2 (a) did not require that the State renotify West after the unsuccessful plea negotiations and before the trial began. See *Martin v. State*, supra at 862-863. Since defense counsel had no viable grounds to seek the exclusion of the prior convictions at sentencing, he did not render ineffective assistance by failing to do so. In my opinion, the habeas court correctly denied relief and, therefore, I dissent.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED JULY 10, 2000.

Tony West, *pro se.*

*Mark A. Gilbert, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.