## A02A1621. PEARCE v. THE STATE.
### (570 SE2d 74)

Blackburn, Chief Judge.

Following his conviction by a jury of child molestation, LaMorris D. Pearce appeals the denial of his motions for new trial as to sentence alone and for modification of sentence, arguing that the trial court erred in (1) admitting evidence in aggravation during his sentencing hearing without notice being given by the State as required by OCGA § 17-10-2 (a) and (2) denying him his constitutional right to confront the witnesses against him. For the reasons set forth below, we affirm.

After jury deliberation had already begun, a special agent with the Georgia Bureau of Investigation who had been involved in the case was approached by a person who reported that several women who worked with Pearce had complained that Pearce had exposed himself and masturbated in their presence. The special agent then informed the sheriff, the district attorney, and Pearce's attorney that there were two potential witnesses to inappropriate sexual behavior on Pearce's part. He was told by the district attorney to locate and talk with the women. The special agent was unable to speak with the women, but had both subpoenaed at the plant at which they worked so that they could testify at the sentencing hearing. The GBI agent spoke with each of them for the first time shortly before the hearing began.

At the outset of the sentencing hearing, Pearce objected to the court's allowing the witnesses to testify on the ground that he had not been provided notice of the testimony as required by OCGA § 17-10-2 (a). The judge heard testimony from the GBI agent about his inability to locate and speak with the witnesses prior to the hearing. The trial judge overruled Pearce's objection and allowed the witnesses to testify. Both testified that Pearce had masturbated in their presence and the presence of other female employees at the workplace on separate occasions. The trial judge then ruled that he would admit and consider the witnesses' testimony in imposing Pearce's sentence.

1. In his first enumeration of error, Pearce argues that the trial court erred in admitting the testimony of the two witnesses because the State failed to provide notice of the testimony pursuant to OCGA § 17-10-2 (a). We disagree.

At a sentencing hearing, OCGA § 17-10-2 (a) allows the State to introduce evidence in "aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or nolo contendere of the defendant . . . , provided that only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible." "It is clear from that language that the legislature intended that such evidence show that the defendant was found guilty or admitted guilt of another offense." *Sinkfield v. State.*[1] Thus,

> [t]he notice requirement of OCGA § 17-10-2 (a) goes to the State's use of a defendant's prior *convictions* in aggravation of sentence: the purpose of § 17-10-2 is to give defendant a chance to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial.

*Demetrios v. State.*[2] As to evidence other than prior convictions, "sentencing courts are authorized to consider in aggravation any *lawful evidence* which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes." (Punctuation omitted.) *Phillips v. State.*[3]

In *Demetrios v. State*, supra, the appellant argued that the trial court erred in permitting the State to offer evidence of his violent conduct while in jail when notice of its intent to use the evidence had not been given prior to trial as required by OCGA § 17-10-2 (a). In rejecting the appellant's argument, we reasoned:

> The statute was not intended to preclude a trial court from considering a defendant's violent conduct which occurred during trial or, as in this case, after trial and prior to sentencing: "a defendant's character in general, and his conduct while in prison, are relevant to the question of sentence." If such conduct/evidence is "relevant to the question of sentence," the fact that it occurs after trial does not make it any less relevant, even though pretrial notice under OCGA § 17-

---

[1] *Sinkfield v. State*, 262 Ga. 239, 240 (2) (416 SE2d 288) (1992).
[2] *Demetrios v. State*, 246 Ga. App. 506, 510 (4) (541 SE2d 83) (2000).
[3] *Phillips v. State*, 241 Ga. App. 689, 690 (527 SE2d 283) (1999).

10-2 is rendered impossible. That a defendant should receive a "windfall" due to the timing of his violent misconduct makes little sense, since the purpose of the statute is not directed to such conduct in the first place.

(Footnote omitted.) *Demetrios v. State*, supra at 510-511.

Following the same reasoning, we conclude that OCGA § 17-10-2 was not intended to preclude a trial court from considering a defendant's criminal conduct of which the State had no knowledge until just prior to the sentencing hearing. If such conduct is relevant to the question of sentence, as the trial judge found Pearce's conduct to be in this case, the fact that the State did not learn of such conduct until just before the hearing "does not make it any less relevant, even though pretrial notice under OCGA § 17-10-2 is rendered impossible."

We also note that, as explained above, the purpose of the notice requirement in OCGA § 17-10-2 (a) is to give the defendant a chance to question the State's evidence. Where the evidence in aggravation presented by the State is the in-court testimony of a witness, the defendant is afforded a similar chance to question the evidence through cross-examination of the witness. In this case, Pearce did in fact cross-examine both witnesses. He did not challenge, or ask for a continuance in order to seek evidence that would call into doubt, the truth of the witnesses' testimony.

2. In his second enumeration of error, Pearce maintains that the trial court's admission of the testimony at the sentencing hearing also denied him the right of confrontation as guaranteed by the Sixth Amendment to the United States Constitution and Art. I, Sec. I, Par. XIV of the 1983 Georgia Constitution. This contention, however, was not raised in the trial court, Pearson's sole objection being that he was not given notice of the testimony as required by OCGA § 17-10-2 (a). "It is well settled that on appeal the ground of the objection stated below cannot be enlarged to include grounds not urged before the trial court." (Punctuation omitted.) *Kent v. Henson*.[4] Generally, our review of the admission of the evidence enumerated as error is "limited strictly to the ground of objection stated on the trial." (Punctuation omitted.) Id.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED AUGUST 7, 2002.

*William P. Nash, Jr.*, for appellant.

---

[4] *Kent v. Henson*, 174 Ga. App. 400, 403 (2) (330 SE2d 126) (1985).

*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.