A02A2245. TURNER v. THE STATE.
(578 SE2d 570)

ADAMS, Judge.

After a trial by jury, Turner was convicted on two counts of violating the Georgia Controlled Substances Act for twice selling cocaine. He contends on appeal that improper evidence was presented at sentencing.

1. At the sentencing hearing, the prosecutor recommended a sentence of fifteen years, with four or five to serve, because it was Turner's first drug conviction. The judge responded that he had information, apparently a probation report, which showed that Turner had been convicted for selling drugs in Cherokee County, Georgia, and in Jacksonville, Florida, and he asked Turner to confirm the information. Turner denied being convicted in Cherokee County but admitted the conviction in Jacksonville. In response, the prosecutor stated that his recommendation was too light, and the judge agreed. The judge then sentenced Turner to twenty years with ten to serve. It is undisputed that the State had not notified Turner prior to trial that the Jacksonville conviction would be used at sentencing.

OCGA § 17-10-2 (a) allows the State to introduce evidence in aggravation of punishment "provided that only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible." Applying this Code section, the Supreme Court has held that a previously undisclosed probation report showing prior convictions cannot be used in fixing the length of the sentence. *Munsford v. State*, 235 Ga. 38, 45 (218 SE2d 792) (1975) (earlier codification of OCGA § 17-10-2 is Code Ann. § 27-2503 (a)). See also *McDuffie v. Jones*, 248 Ga. 544, 549 (3) (283 SE2d 601) (1981), rev'd on other grounds, *West v. Waters*, 272 Ga. 591, 593 (3) (533 SE2d 88) (2000). *Pearce v. State*, 256 Ga. App. 889 (570 SE2d 74) (2002), cited by the State, is not on point. It addressed "evidence other than prior convictions." Id. at 890 (1).

As shown above the trial court improperly used Turner's prior conviction to fix the length of his sentence. Accord *McDuffie*, 248 Ga. at 549. But, when the defendant fails to object to evidence of a prior conviction during the presentencing phase of the trial, the error is deemed waived. *Armstrong v. State*, 264 Ga. 237, 239 (3) (442 SE2d 759) (1994). See also *Eddleman v. State*, 247 Ga. App. 753, 754 (3) (545 SE2d 122) (2001), and cases cited therein. Because the issue was waived, Turner is not entitled to relief on this ground.

To the extent that *Eason v. State*, 215 Ga. App. 614, 615-616 (451 SE2d 820) (1994), holds "that the failure to follow the mandates of OCGA § 17-10-2 (a) cannot be waived by the failure of the parties to object," it must be overruled. In that case, this court held that the defendant's failure to object to introduction of previously undisclosed prior convictions at the presentence hearing is not subject to waiver. This court based its holding on *Sinkfield v. State*, 262 Ga. 239 (416 SE2d 288) (1992). *Sinkfield*, however, does not so hold.[1]

In *Sinkfield*, the Supreme Court simply held that under the facts of that case, the issue had not been waived. *Sinkfield*, 262 Ga. at 240 (2). And, as shown above, the Supreme Court has held, in a case that post-dates *Sinkfield*, that failure to object waives any error. *Armstrong*, 264 Ga. at 239. See also *Bentley v. Willis*, 247 Ga. 461, 463 (276 SE2d 639) (1981) (defendant may waive, by failing to object, trial court's failure to consider presentence report that allegedly contained favorable information). Compare *Williams v. State*, 271 Ga. 686, 691 (2) (523 SE2d 857) (1999) (distinguishing death penalty cases).

2. But as a result of his attorney's failure to object to the violation of OCGA § 17-10-2 (a), Turner received ineffective assistance of counsel. *West*, 272 Ga. at 593 (2), (3), is directly on point. *West* holds that a defense counsel's failure to object to a prior conviction presented in aggravation of sentence without timely notice constitutes ineffective assistance of counsel. Id. The attorney's performance was deficient, and it prejudiced Turner because the length of his sentence was fixed based in part on the improper evidence. Id. See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Accordingly, Turner is entitled to a new trial on the issue of punishment. *West*, 272 Ga. at 593-594 (2), (3).

3. Turner also challenges the sufficiency of the evidence supporting his conviction on two counts of selling cocaine. But the evidence shows that an undercover agent twice purchased cocaine from Turner, and she identified Turner at trial as the person from whom she made the purchase. Any issue of proper identification was for the jury. See *Johnson v. State*, 159 Ga. App. 333 (1) (283 SE2d 375) (1981).

*Judgment affirmed, sentence vacated and case remanded. Smith, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Ruffin, P. J., Eldridge, Barnes, Miller, Ellington, Phipps and Mikell, JJ., concur.*

---

[1] Although *Eason* refers to Division 1 of *Sinkfield*, waiver is discussed in Division 2. Division 1 of *Sinkfield* addresses the separate issue of whether a defendant may appeal procedural matters relating to sentencing, such as the use of improper evidence, even though the sentence is within the statutory limit. *Sinkfield*, 262 Ga. at 239 (1).

DECIDED FEBRUARY 26, 2003.

*Joshua D. Earwood*, for appellant.

*T. Joseph Campbell*, District Attorney, *Erik J. Pirozzi*, Assistant District Attorney, for appellee.