## A03A0948. COLE v. THE STATE.
(586 SE2d 745)

BARNES, Judge.

Zepplin Cole pled guilty to three counts of giving false names and a false birth date, and the trial court sentenced him to serve twelve months confinement. He appeals the trial court's subsequent denial of his motion to withdraw his guilty plea. For the reasons that follow, we affirm.

After sentence is pronounced, withdrawal of a guilty plea is allowed only to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion. *Beck v. State*, 222 Ga. App. 168 (473 SE2d 263) (1996).

Cole argues on appeal that the trial court erred in considering a printout of his criminal history from the Georgia Crime Information Center before sentencing him, because the document was not properly authenticated and was therefore inadmissible hearsay. A transcript of the plea reveals that the State tendered the document, and the court asked, "Mr. Cole, is it okay with you for me to look at the computer printout that shows your past criminal history?" Cole answered, "Yes, sir." The transcript includes no other testimony regarding the document, and without further conversation, the court sentenced Cole to serve 12 months in confinement on each count, to be served concurrently.

"[T]he hearsay rule is not suspended in the sentencing phase." (Citations omitted.) *Smith v. State*, 270 Ga. 240, 249 (12) (510 SE2d 1) (1998). While OCGA § 24-3-17 (b) permits a trial court to admit evidence "from the records of the Department of Public Safety obtained from any terminal lawfully connected to the Georgia Crime Information Center without the need for additional certification of those records," the document reporting Cole's previous arrests and convictions was hearsay and without probative value because the State failed to lay a foundation for its admission. *Tolbert v. State*, 227 Ga. App. 647, 648 (490 SE2d 183) (1997).

Cole waived his right to raise this issue on appeal, however, by failing to object to the trial court's consideration of the report during his plea. Further, he never raised this issue in his motion to withdraw his plea or during the hearing on his motion. "[W]hen the defendant fails to object to evidence of a prior conviction during the presentencing phase of the trial, the error is deemed waived." (Cita-

tions omitted.) *Turner v. State*, 259 Ga. App. 902 (1) (578 SE2d 570) (2003); *Denny v. State*, 226 Ga. App. 432, 436 (13) (486 SE2d 417) (1997).

Further, while the report has no probative value, being hearsay, its contents were not used to establish Cole's guilt or to prove he was a recidivist under OCGA § 17-10-7 (a), which "is not applicable to sentences imposed pursuant to a hearing on a guilty plea." (Citation omitted.) *Burruss v. State*, 242 Ga. App. 241, 243 (2) (529 SE2d 375) (2000). Finally, the sentence is not void because it is within the statutory guidelines for the offense of giving a false name or birth date to a police officer with the intent of misleading the officer as to the person's identity. OCGA §§ 16-10-25; 17-10-3 (a). Because the sentence is not void, the trial court did not err in denying Cole's motion to withdraw his guilty plea. *Kinsey v. State*, 259 Ga. App. 653 (1) (578 SE2d 269) (2003).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED AUGUST 22, 2003.

*James W. Bradley*, for appellant.
*Keith C. Martin, Solicitor-General*, for appellee.