## A04A0968. GEARIN v. THE STATE.
(603 SE2d 709)

BLACKBURN, Presiding Judge.

Following a plea of guilty to cruelty to children in the first degree, for which he was sentenced to twenty years with two years to serve, Timothy Steven Gearin appeals, arguing that: (1) he was improperly sentenced as a recidivist; (2) trial counsel rendered ineffective assistance by failing to object to the sentence; (3) OCGA § 17-10-17 is unconstitutional; and (4) his due process rights were violated because he did not receive the sentence he negotiated for in his plea bargain agreement. For the reasons that follow, we affirm.

The record shows that on May 20, 2002, Gearin was attending a visitation for his deceased father at a funeral home in Henry County. At some point, Gearin's cousin, Francis Walker, and Walker's 12-year-old granddaughter, Esperanza Alvarez, arrived at the funeral home. Upon seeing Walker and Alvarez, whose father is Hispanic, Gearin began yelling racial insults. Walker and Alvarez tried to walk back to their car, but Gearin followed them. He slapped Walker and then struck Alvarez in the forehead with his fist.

Gearin was indicted for simple battery and cruelty to children in the first degree. As required by OCGA § 17-10-18, the State notified Gearin of its intent to seek an enhanced penalty pursuant to OCGA § 17-10-17, the hate crime statute; that statute provides for an enhancement of penalty if the trier of fact determines that a defendant intentionally selected a victim as the object of the offense because of bias or prejudice. The State also gave notice of its intent to introduce evidence of prior convictions pursuant to OCGA § 17-10-7. Gearin entered a guilty plea to cruelty to children in the first degree and was sentenced to twenty years with two years to serve on the indictment and an additional four years to serve pursuant to OCGA § 17-10-17.

1. Citing *Burruss v. State*[1] and *Cole v. State*,[2] Gearin argues that he should not have been sentenced as a recidivist because OCGA §§ 17-10-2 (a) and 17-10-7 are not applicable to a sentence imposed pursuant to a guilty plea hearing. There is no merit to this argument.

The language quoted in Gearin's brief as support for his argument has been taken out of context. *Burruss v. State*, to which *Cole v. State* cites, depended upon our decision in *Powell v. State*.[3] A careful reading of *Powell* shows that it is only the notice provision of OCGA § 17-10-2 (a) that is inapplicable where sentence is imposed pursuant to a guilty plea, and that OCGA § 17-10-7 may be applied for the purpose of enhancing a sentence even in the context of a guilty plea hearing. As the court explained in *Powell*,

> OCGA § 17-10-2 (a) is applicable and the State is bound by its pre-trial notice requirements in cases wherein sentence is to be imposed after a jury trial, a bench trial or probation revocation proceedings for a first offender. OCGA § 17-10-2 (a) is not made expressly applicable to sentences imposed in the context of guilty plea hearings. Even assuming the applicability of OCGA § 17-10-2 (a) in the context of guilty plea hearings generally, Powell's sentences were nevertheless imposed pursuant to a plea bargain agreement. Such an agreement may be considered as a contract. Plea bargain negotiations can serve the same purpose as the giving of notice under OCGA § 17-10-2 (a). That statute does not require written notice, only "clear notice." When plea bargain negotiations are conducted, the defendant can be given "clear notice" of what the State intends to rely upon in aggravation of sentencing at the guilty plea hearing.

(Punctuation omitted.) Id. at 53 (1).

The statement in *Cole v. State*, supra at 857, that OCGA § 17-10-7 (a) " 'is not applicable to sentences imposed pursuant to a hearing on a guilty plea' " is incorrect and must be overruled. Contrary to *Cole*, *Burruss*, in fact, states that OCGA § 17-10-2 (a), not OCGA § 17-10-7 (a), "is not applicable to sentences imposed pursuant to a hearing on a guilty plea." *Burruss*, supra at 243 (2).

Beyond this, Gearin waived any claim that the trial court erred in sentencing him as a recidivist. Gearin did not object to the admission of the certified copies of his prior convictions. "[W]hen the defendant fails to object to evidence of a prior conviction during the

---

[1] *Burruss v. State*, 242 Ga. App. 241 (529 SE2d 375) (2000).

[2] *Cole v. State*, 262 Ga. App. 856 (586 SE2d 745) (2003).

[3] *Powell v. State*, 229 Ga. App. 52 (494 SE2d 200) (1997).

presencing phase of the trial, the error is deemed waived." *Turner v. State*.[4]

2. Gearin also contends that his trial counsel failed to render effective assistance because he failed to object to the sentence on the basis of the holdings in *Burruss* and *Cole*. Given our determination in Division 1 concerning the holdings in these cases, it is clear that this argument is without merit. "Failure to make a meritless objection cannot be evidence of ineffective assistance." (Punctuation omitted.) *Fults v. State*.[5]

3. Gearin next maintains that OCGA § 17-10-17 is unconstitutional. "It is well established that a plea of guilty waives all defenses other than that the indictment charges no crime." (Punctuation omitted.) *Glover v. State*.[6] Accordingly, by pleading guilty after being informed that the State would seek enhancement of his sentence pursuant to OCGA § 17-10-17, Gearin waived any claim that the statute is unconstitutional. Beyond that, since " 'our Supreme Court has exclusive jurisdiction over . . . all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question,' " we have no jurisdiction to address Gearin's constitutional claim. *Schmidt v. Feldman*.[7]

4. Finally, Gearin argues that his due process rights were violated because he did not receive the sentence he negotiated for in his plea agreement. Specifically, he asserts that the sentence to which he agreed, in return for his plea of guilty, did not contemplate application of OCGA § 17-10-17.

Gearin's argument is belied by the record. As an initial matter, contrary to Gearin's argument, no plea agreement was ever reached. Therefore, there was simply no agreement to be breached in the first place. Moreover, even if there had been an agreement, on August 9, 2002, the State served Gearin with a notification to seek enhanced penalty pursuant to OCGA §§ 17-10-17 and 17-10-18. In the face of this document, Gearin cannot maintain that application of the hate crime statute to his sentence was not contemplated. Beyond this, though a plea agreement on the terms asserted by Gearin did not exist, we add that a trial court is not bound by, and, upon proper notice, may reject, a plea agreement which the State and a defendant have reached. *Fuller v. State*.[8]

Any argument that trial counsel rendered ineffective assistance of counsel by failing to object to the State's breach of the plea

---

[4] *Turner v. State*, 259 Ga. App. 902 (1) (578 SE2d 570) (2003).

[5] *Fults v. State*, 274 Ga. 82, 87 (7) (548 SE2d 315) (2001).

[6] *Glover v. State*, 258 Ga. App. 527, 529 (574 SE2d 565) (2002).

[7] *Schmidt v. Feldman*, 230 Ga. App. 500, 502 (2) (497 SE2d 23) (1998).

[8] *Fuller v. State*, 159 Ga. App. 512, 513 (1) (284 SE2d 29) (1981).

agreement, though not properly raised as a separate enumeration of error, is without merit. Since there was no plea agreement between Gearin and the State, there could be no valid objection to its breach. Again, "[f]ailure to make a meritless objection cannot be evidence of ineffective assistance." (Punctuation omitted.) *Fults*, supra at 87 (7).

*Judgment affirmed. Smith, C. J., Andrews, P. J., Johnson, P. J., Ruffin, P. J., Eldridge, Barnes, Miller, Ellington, Phipps, Mikell and Adams, JJ., concur.*

DECIDED AUGUST 20, 2004 — 

*Lloyd J. Matthews*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.