# Court of Appeals
# of the State of Georgia

ATLANTA,  August 03, 2017

*The Court of Appeals hereby passes the following order:*

**A17A2015.  CHRISTOPHER WILLIAMS v. THE STATE.**

In 2015, Christopher Williams pled guilty to two counts of sale of cocaine and one count of possession of an illegal substance within 1000 feet of a housing project, and he was sentenced as a recidivist to 60 years, to serve 15 years in confinement. In 2017, Williams filed a motion to vacate void sentence.  The trial court denied the motion, and Williams filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had when Williams filed his motion, a trial court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

A direct appeal may lie from the denial of a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is void.  See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes a punishment that the law does not allow; assertions taking issue with the procedure employed in imposing the sentence do not constitute colorable void sentence claims. See *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010).  Here, Williams does not raise a colorable void sentence claim.  He claims the trial court erred in sentencing him because he was not provided proper notice of the state's intent to use prior convictions in aggravation of his punishment, as required by OCGA § 17-10-2 (a).  However, "OCGA § 17-10-2 (a) is not applicable to sentences imposed pursuant to a hearing on a guilty plea." *Burruss v.*

*State*, 242 Ga. App. 241, 243 (2) (529 SE2d 375) (2000).

Additionally, the Supreme Court has held that waiveable challenges to a recidivist sentence, including "a claim that the State failed to prove the existence of a prior conviction by admissible evidence[,]" do not constitute valid void-sentence claims. See *VonThomas v. State*, 293 Ga. 569, 572-573 (2) (748 SE2d 446) (2013). Because Williams has not raised a colorable void-sentence argument, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
         *Clerk's Office, Atlanta,__08/03/2017_____*
         *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
         *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____, *Clerk.*