A00A0123. SMITH v. THE STATE.
(527 SE2d 608)

McMURRAY, Presiding Judge.

Defendant entered guilty pleas to each of the charges in an indictment charging him with armed robbery, kidnapping, driving

under the influence of alcohol or drugs to an extent that it was less safe for him to drive, driving with a suspended license, fleeing or attempting to elude a police officer, and reckless driving. Because defendant had previously been adjudicated for two offenses in Florida which would have each amounted to an armed robbery offense had the crimes been committed in Georgia, the trial court determined that defendant is a serious violent felon under OCGA § 17-10-6.1 (a) (2) (defining armed robbery as a serious violent felony) and sentenced him to life in prison without parole for the armed robbery offense as required by OCGA § 17-10-7 (b) (2). This appeal followed. *Held*:

1. Defendant contends the trial court erred in sentencing him to life in prison without parole under OCGA § 17-10-7 (b) (2), arguing that the charging instrument which the State proffered to show that he had been convicted in Florida of two serious violent felonies ("the Florida indictment") did not indicate that these offenses were serious violent felonies under OCGA § 17-10-6.1 (a) (2). We do not agree.

Defendant agreed at the sentencing hearing to the admission into evidence of a certified copy of the Florida indictment. This two-count indictment shows that defendant was convicted in Florida for committing two robbery offenses on July 17, 1982. Although the language of the Florida indictment does not track Georgia's armed robbery statute, the Florida indictment's language describes that defendant was in possession of a shotgun when he forcefully and violently took valuables from two victims. This is sufficient to prove that defendant was convicted of two offenses in Florida which would have each been the serious violent felony of armed robbery had the offenses been committed in Georgia. OCGA § 17-10-7 (b) (2). A person commits the offense of armed robbery in Georgia when, with intent to commit theft, he "takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a).

The trial court therefore did not err in sentencing defendant as a serious violent felon in the case sub judice.

2. Defendant has supplemented the brief and enumeration of error filed by his appellate attorney, whose representation of appellant is still in effect, with a document entitled, "APPELLANT'S SUPPLEMENTAL CITATION OF AUTHORITY." This Court does not generally consider such supplemental filings because a defendant does not have a right to be represented by counsel and also represent himself. See *Boyd v. State*, 195 Ga. App. 758, 759 (395 SE2d 7). But given the magnitude of defendant's life sentence without parole, we consider this supplemental filing, and we do so in furtherance of the upholding of the fairness and integrity of our judicial system. See *Peterson v. State*, 212 Ga. App. 147 (441 SE2d 481); *Taylor v. State*,

186 Ga. App. 113, 114 (3) (366 SE2d 422).

Citing *Peterson v. State*, 212 Ga. App. 147, supra, and *Taylor v. State*, 186 Ga. App. at 114 (3), supra, defendant argues that his Florida convictions cannot be considered in aggravation of punishment. These cases hold that prior out-of-state convictions cannot be considered in aggravation of punishment under OCGA § 16-13-30 (d). In the case sub judice, defendant was sentenced under OCGA § 17-10-7, which contemplates consideration of prior out-of-state convictions in aggravation of punishment.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED JANUARY 10, 2000.

*Clyde M. Urquhart*, for appellant.
*Stephen D. Kelley, District Attorney*, for appellee.