## A06A2075. GUICE v. THE STATE.
### (639 SE2d 636)

BARNES, Judge.

Bruce Guice, pro se, appeals the trial court's denial of his motion to vacate a void and illegal sentence and conviction. Because we conclude that Guice does not have the right to file a direct appeal from the trial court's action, we dismiss his appeal.

As a general rule, a motion to vacate a sentence is not an appropriate remedy in a criminal case after passage of the term in which the judgment was entered. *State v. Mohamed*, 203 Ga. App. 21 (2) (416 SE2d 358) (1992). An exception exists where a sentence is void, i.e., where the court has imposed punishment which the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

1. The record reflects that on March 5, 1973, Guice was indicted for armed robbery "committed on the 6th day of December in the year 1973," and that on March 26, 1973, he pled guilty to the offense, thus, pleading guilty to a crime that was committed eight months later. He

maintains that the sentence and conviction are void and illegal because the trial court did not have jurisdiction as the indictment was returned before any crime was committed. However, the record demonstrates that Guice waived this error in the indictment at his guilty plea hearing, during which the following exchange occurred:

> State: Mr. Guice, this indictment alleges that on the 6th of December 1973 that you committed the offense, obviously this is an error and it should be the 6th of December, 1972. Do you specifically waive the defect in the indictment?
> Guice: Yes sir, I do.
> State (repeats question): Do you waive the defect in this indictment?
> Guice: Yes sir.
> State (to Guice's attorney): [A]s his attorney, do you waive the defect in this indictment as to the date?
> Guice's Attorney: Yes, we waive the defect in the indictment.

Moreover, Guice could have challenged the indictment on the ground that it set forth an impossible date by filing a timely written demurrer. See *Lewis v. State*, 55 Ga. App. 743 (2) (191 SE 278) (1937) ("After verdict and judgment the indictment alleging an impossible day, or a day after the bill was found true, is held good. It would be otherwise if it were excepted to in time on special demurrer in writing." [Cit.]).

2. What is more, notwithstanding Guice's contention otherwise, this is not a valid attempt to challenge a void sentence, and we have no jurisdiction in this case.[1]

> When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f). Upon the expiration of the period provided in OCGA § 17-10-1 (f), post-appeal pleadings filed in the sentencing court seeking sentence modification must set forth why the sentence is void, i.e., how it imposes punishment the law does not allow. Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification. *We take this opportunity*

---

[1] "It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (Citation and punctuation omitted.) *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995).

*to clarify that the direct appeal authorized by Williams [v. State, 271 Ga. 686 (1) (523 SE2d 857) (1999)], is limited to that taken from a sentencing court's ruling on a pleading which asserts the sentence imposed punishment the law does not allow. Rulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void. Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations.* See *Saleem v. Forrester,* 262 Ga. 693 (424 SE2d 623) (1993). See also *Collins v. [State],* 277 Ga. 586 (591 SE2d 820) (2004), where we held a defendant whose conviction had been affirmed on direct appeal was not entitled to file a direct appeal from the denial of a post-conviction motion contending the judgment of conviction was voidable.

(Emphasis supplied.) *Jones v. State,* 278 Ga. 669, 670-671 (604 SE2d 483) (2004).

Accordingly, this appeal must be dismissed.

*Appeal dismissed. Andrews, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 7, 2006 —

Bruce B. Guice, *pro se.*
*Howard Z. Simms, District Attorney,* for appellee.