S07A1853, S07X1854. WALKER v. HALE; and vice versa.
(657 SE2d 227)

THOMPSON, Justice.

Daniel Hale was indicted on charges of malice murder, two counts of felony murder based on the underlying felonies of aggravated assault and possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. The State gave notice of its intent to seek recidivist punishment pursuant to OCGA § 17-10-7 based on Hale's prior West Virginia conviction for second degree murder. Hale was found guilty of all charges by a jury. During sentencing, the State introduced, inter alia, a certified copy of Hale's prior conviction. The court determined that the felony murder charges were vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and applying the provisions of OCGA § 17-10-7 (b) (2),[1] imposed on Hale a sentence of life imprisonment without the possibility of parole plus an additional five-year prison term on his conviction for possession of a firearm during the

[4] See *Lindsey v. State*, 262 Ga. 665, 665-666 (424 SE2d 616) (1993).

[1] OCGA § 17-10-7 (b) (2) provides that any person who is convicted of a "serious violent felony" and subsequently commits and is convicted of a second "serious violent felony" shall be sentenced to life imprisonment without parole or any other sentence-reducing measures. Serious violent felonies are defined as murder, felony murder, armed robbery, kidnapping, rape, aggravated child molestation, aggravated sodomy, and aggravated sexual battery. OCGA §§ 17-10-6.1 (a); 17-10-7 (b) (1).

commission of a crime. His convictions were affirmed on appeal. *Hale v. State*, 274 Ga. 863 (561 SE2d 70) (2002).

Hale subsequently filed a petition for writ of habeas corpus in which he alleged that the trial court erred by sentencing him under the recidivist statute and that trial counsel was ineffective for failing to present evidence in support of his claim of self-defense. After a hearing, the habeas court granted the petition in part, setting aside Hale's sentence of life without parole but denying relief as to Hale's convictions. In Case No. S07A1853, the warden appeals from that part of the court's order setting aside the sentence of life without parole. Hale appeals from the court's denial of relief on the other grounds in Case No. S07X1854. For the reasons that follow, we reverse the habeas court's ruling in the warden's appeal and affirm the ruling denying Hale relief on the remaining grounds.

## Case No. S07A1853

1. Relying on the decision of the Court of Appeals in *King v. State*, 169 Ga. App. 444 (313 SE2d 144) (1984), the habeas court found that the trial court "used up" the evidence of Hale's prior conviction to support the charge that he was a convicted felon in possession of a handgun, the underlying felony in Count 3 of the indictment, thereby precluding the court from using the same prior conviction to sentence him as a recidivist under OCGA § 17-10-7 (b) (2). In *King*, the court held that the allegation and evidence of a prior felony conviction, necessary for conviction as a felon in possession of a firearm under OCGA § 16-11-131, could not also be used to punish a defendant as a repeat offender under OCGA § 17-10-7 (a). Id. at 445. *King* and its progeny stand for the limited proposition that the felony used to convict a defendant of possession of a firearm by a convicted felon cannot also be used to enhance the defendant's punishment as a repeat offender under OCGA § 17-10-7 (a). See *Morgan v. State*, 277 Ga. App. 670, 672-673 (627 SE2d 413) (2006) (prior conviction may be used both in guilt-innocence phase as evidence of similar transaction and to enhance punishment under recidivist statute); *Carswell v. State*, 263 Ga. App. 833 (589 SE2d 605) (2003) (court may use prior conviction as impeachment evidence during guilt-innocence phase and to support sentencing defendant as a recidivist); *Caver v. State*, 215 Ga. App. 711 (452 SE2d 515) (1994) (court could use prior conviction in aggravation of punishment where State nolle prossed charge of possession of a firearm by a convicted felon).

This court has not been called upon to consider the validity of the *King* rule against dual use of a prior conviction both as an element of an offense and for sentence enhancement, and we find it unnecessary to do so here. The record in this case demonstrates that the charge

against Hale of felony murder with the underlying felony of possession of a firearm by a convicted felon was vacated by operation of law and no conviction on that charge was entered. See OCGA § 16-1-7 (prohibiting multiple convictions, not prosecutions, for same conduct); *Malcolm*, supra. See also OCGA § 16-1-3 (4) ("conviction" defined as the "final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty"). Accordingly, unlike in *King*, the trial court did not use the prior felony conviction both to support a conviction on the possession charge and to enhance Hale's sentence. Instead, Hale was convicted of malice murder, sentenced to life imprisonment pursuant to Georgia's murder statute, and because of his prior conviction of a serious violent felony, he was properly sentenced to life without the possibility of parole as required under OCGA § 17-10-7 (b) (2).

### Case No. S07X1854

2. We agree with the habeas court that Hale's prior West Virginia conviction for the offense of second degree murder constituted a "serious violent felony" under OCGA § 17-10-6.1. The State introduced evidence of Hale's prior conviction for the offense of second degree murder, which, under West Virginia law, required a showing of malice. See W. Va. Code 61-2-1 (1979); *State v. Boles*, 151 SE2d 115 (151 W. Va. 194, 198) (1966) (malice, either express or implied, is an essential element of murder in the second degree). The West Virginia indictment charged that Hale did "feloniously, willfully, maliciously, deliberately and unlawfully slay, kill and murder" the victim. Although the language of the indictment does not directly track the language found in Georgia's murder statute, OCGA § 16-5-1, it is sufficient to show that the same offense, if committed in this State, would constitute a serious violent felony as defined in OCGA § 17-10-6.1 (a). Accordingly, upon conviction in this case of the charge of malice murder, another serious violent felony, the court had no choice but to impose a sentence of life without parole under OCGA § 17-10-7 (b) (2). See *Smith v. State*, 241 Ga. App. 770, 771 (527 SE2d 608) (2000) (Florida indictment sufficient to prove defendant was convicted of offenses in Florida which would have each been serious violent felony if committed in Georgia).

3. Imposition of a sentence of life without parole pursuant to OCGA § 17-10-7 (b) (2) does not constitute cruel and unusual punishment under the federal or state constitutions. *Ortiz v. State*, 266 Ga. 752, 753 (2) (a) (470 SE2d 874) (1996). Nor does the statute unconstitutionally deprive defendants of due process. Id. at 754 (2) (b).

4. We do not address Hale's claim that trial counsel was ineffective for failing to introduce evidence in support of his defense inasmuch as such claim has been procedurally defaulted and Hale has failed to make any showing of cause and prejudice to excuse the default. See OCGA § 9-14-48 (d); *Schofield v. Meders*, 280 Ga. 865 (1) (632 SE2d 369) (2006).

*Judgment affirmed in Case No. S07X1854. Judgment reversed in Case No. S07A1853. All the Justices concur.*

DECIDED FEBRUARY 11, 2008.

*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Plunkett, Shepard, Plunkett & Hamilton, Daniel W. Hamilton*, for appellant.

*Zell & Zell, Rodney S. Zell*, for appellee.