## A08A1011. REDDEN v. THE STATE.
### (670 SE2d 552)

PHIPPS, Judge.

Rodger Redden was convicted in the Superior Court of Glynn County of armed robbery and aggravated assault. Because of a prior federal conviction of criminal offenses that would constitute armed robbery under Georgia law, he was sentenced to life imprisonment without possibility of parole for the armed robbery conviction pursuant to OCGA § 17-10-7 (b) (2). For the aggravated assault conviction, he was given a consecutive sentence of 20 years imprisonment. Nine years after this court's affirmance of his state convictions, Redden filed a motion in the trial court to vacate the sentences. He appeals the trial court's denial of his motion. We find no error and affirm.

The record of Redden's August 1997 trial shows that the prosecution did not file any notice to the defense that the state intended to introduce evidence of prior convictions in aggravation of sentence, even though OCGA § 17-10-2 (a) then provided that only such evidence in aggravation as the state had made known to the defendant prior to trial would be admissible.[1] Yet, as shown by the trial transcript, the prosecutor sought to admit the prior federal conviction, as well as a prior Tennessee conviction, at sentencing. The prosecuting attorney stated, in his place, that the defense had been provided with notice of the state's intent to present these convictions in aggravation of sentence (even though the notice had not been filed with the clerk of court). In response, defense counsel did not deny that the state in fact had provided the defense with pretrial notice of these convictions. Defense counsel, instead, objected to their consideration based on insufficiency of the contents of the notice, arguing that the prosecution had not specifically advised

---

[1] See *Moss v. State*, 206 Ga. App. 310, 312 (5) (425 SE2d 386) (1992).

the defense of its intent to seek recidivist punishment. Counsel also argued that the federal conviction did not qualify as a serious violent felony under Georgia law, because Redden had been convicted under the federal bank robbery statute, under which use of a weapon is not an element of the crime but merely enhances the sentence. In response, the prosecutor argued that the federal indictment on which Redden was convicted contained one count that charged him with having taken money from the bank tellers by use of a handgun, which constitutes the serious violent felony of armed robbery under Georgia law.

In September 1997, the trial court entered an order denying a request by Redden for reconsideration of his sentence of life imprisonment without possibility of parole for the armed robbery conviction. In the order, the court recognized that such a sentence is mandated by OCGA § 17-10-7 (b) (2) upon conviction of a serious violent felony, if the defendant has previously been convicted under the laws of another state or the United States of a crime which, if committed in this state, would be a serious violent felony. The court further recognized that in 1990, Redden was convicted in the United States District Court for the Eastern District of Tennessee of violating 18 USC § 2113 by taking, by force or violence, the property of another from a bank and also of violating 18 USC § 924 (c) (1) by using a firearm during and in relation to a crime of violence. The court concluded that these federal offenses, which arose out of the same event, are equivalent to a conviction of armed robbery under OCGA § 16-8-41, an offense enumerated as a serious violent felony in OCGA § 17-10-6.1 (a) (2). And the court ruled that Redden received adequate notice of the state's intention to introduce evidence of these convictions in aggravation of his sentence. Redden's motion for new trial was later denied, after which he filed a notice of appeal. In 1998, this court affirmed the judgment without published opinion.[2] In July 2007, Redden filed his pro se motion in the Glynn County Superior Court to vacate his sentence of life imprisonment without possibility of parole as well as his consecutive 20-year sentence. "As a general rule, a motion to vacate a sentence is not an appropriate remedy in a criminal case after passage of the term in which the judgment was entered. An exception exists where a sentence is void, i.e., where the court has imposed punishment which the law does not allow."[3]

---

[2] *Redden v. State*, 233 Ga. App. XXVII (1998).

[3] *Guice v. State*, 282 Ga. App. 747 (639 SE2d 636) (2006), citing *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991) (other citation omitted).

1. Redden challenges the adequacy of the pretrial notice provided to the defense.

For a number of reasons, this challenge is without merit. Because the challenge was previously rejected by the trial court prior to Redden's direct appeal, the issue is res judicata. Even if it were not, the trial court correctly rejected the challenge.[4] And even if the challenge had merit, the state's failure to provide the required notice would not have resulted in a void sentence.[5]

2. In reliance on *State v. Ingram*,[6] Redden appears to argue that a sentence of life imprisonment without possibility of parole was not permissible because the state was not seeking the death penalty. This argument is without merit. *Ingram* held that under the statutory scheme created by OCGA §§ 17-10-16 (a), 17-10-30.1, 17-10-31.1, and 17-10-32.1, the legislature intended the sentence of life without parole to be considered and imposed only when the state is seeking the death penalty. Clearly, the holding in *Ingram* did not impact OCGA § 17-10-7 (b) (2).

3. Redden's argument, that imposition of a sentence of life imprisonment without possibility of parole for armed robbery violates his protection against cruel and unusual punishment and his right to due process under state and federal constitutions, was rejected in *Ortiz v. State*.[7]

4. There is no merit in Redden's argument that OCGA § 17-10-7 (d) required the trial court to impose concurrent sentences for his convictions of armed robbery and aggravated assault.

OCGA § 17-10-7 is our general recidivist statute. Subsection (d) provides that "[f]or the purpose of" the statute, "conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction." This

---

[4] See *Eason v. State*, 215 Ga. App. 614, 615-616 (3) (451 SE2d 820) (1994) (all OCGA § 17-10-2 (a) requires is clear notice to accused of all previous convictions state intends to introduce at trial, to allow defendant to examine record to determine if convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during pre-sentencing phase of trial), overruled on other grounds, *Turner v. State*, 259 Ga. App. 902, 903 (1) (578 SE2d 570) (2003); *Moss v. State*, supra (written notice preferable but not required); compare *Gates v. State*, 229 Ga. 796, 797 (4) (194 SE2d 412) (1972) (notice inadequate where prosecutor simply notified defense counsel of existence of prior convictions without informing him that evidence of prior convictions would be introduced in evidence at sentencing).

[5] See *Powell v. State*, 229 Ga. App. 52, 53 (2) (494 SE2d 200) (1997) (notice requirements of OCGA § 17-10-2 (a) do not affect the jurisdiction of the court but rather can be waived by the defendant).

[6] 266 Ga. 324 (467 SE2d 523) (1996).

[7] 266 Ga. 752, 753-754 (2) (470 SE2d 874) (1996).

provision refers to prior convictions used for recidivist sentencing.[8] Separate convictions and sentences generally are authorized for multiple crimes charged in the same prosecution so long as the crimes are not included offenses.[9]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 26, 2008.

Rodger D. Redden, *pro se.*

Stephen D. Kelley, *District Attorney, Gregory C. Perry, Assistant District Attorney*, for appellee.

---

[8] See *Campbell v. State*, 279 Ga. App. 331 (631 SE2d 388) (2006); *Thompson v. State*, 237 Ga. App. 466 (517 SE2d 339) (1999).

[9] See OCGA § 16-1-7.