### S10G1592. THE STATE v. SLAUGHTER.
(711 SE2d 651)

BENHAM, Justice.

In 1994, appellee Frederick Slaughter was convicted of numerous felonies, including armed robbery, attempted murder, and possession of a firearm by a convicted felon, stemming from a 1993 bank robbery in Douglas County. Appellee was sentenced as a recidivist to life in prison and a number of years to serve consecutively, all without parole. Since the prosecutor used appellee's three prior felony convictions to prove the charge of possession of a firearm by a convicted felon under OCGA § 16-11-131, appellee filed a motion alleging his sentence was void because his prior convictions were also used to enhance his sentence under OCGA § 17-10-7 (c). Appellee argued that at least one of his three prior convictions had been "used up" on the firearm possession conviction pursuant to *King v. State*,

---

[10] As pointed out by the majority, only a small fraction of members actually attend an annual meeting.

169 Ga. App. 444 (313 SE2d 144) (1984), and, therefore, the remaining two felony convictions could not support sentence enhancement under OCGA § 17-10-7 (c) which requires three prior felony convictions for sentence enhancement.[1] The trial court denied appellant's motion to vacate and, on appeal, the Court of Appeals agreed with appellant's arguments, vacated the trial court's order, and remanded the case for resentencing. *Slaughter v. State*, 304 Ga. App. 209 (695 SE2d 743) (2010). We granted the State's petition for certiorari, questioning whether the Court of Appeals erred when it held that the ruling of *King* was applicable in cases where the defendant has been convicted of firearm possession under OCGA § 16-11-131 and where the State has sought sentence enhancement under OCGA § 17-10-7 (c). Since we conclude that *King* is not applicable in such cases, we reverse the judgment of the Court of Appeals.

In *King*, supra, the Court of Appeals sought to answer the following issue of first impression: ". . . whether the state can use the prior felony conviction required to convict a convicted felon for being in possession of a firearm, and then use the same prior conviction to enhance the sentence to the maximum punishment for the offense under the repeat offender statute." 169 Ga. App. at 444. The holding of the *King* court is narrower than the issue posed in the opinion because the Court of Appeals, using statutory construction analysis, held that a prior conviction to establish a crime under OCGA § 16-11-131 for firearm possession by a convicted felon could not also be used to sentence the defendant as a recidivist under OCGA § 17-10-7 (a).[2] Id. See *Walker v. Hale*, 283 Ga. 131 (1) (657 SE2d 227) (2008) ("*King* and its progeny stand for the limited proposition that

---

[1] OCGA § 17-10-7 (c) provides:

Except as otherwise provided in subsection (b) of this Code section, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

[2] OCGA § 17-10-7 (a) states:

Except as otherwise provided in subsection (b) of this Code section, any person convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

the felony used to convict a defendant of possession of a firearm by a convicted felon cannot also be used to enhance the defendant's punishment as a repeat offender under OCGA § 17-10-7 (a)"). In support of its narrow ruling, the Court of Appeals reasoned

> [i]f the General Assembly intended that repeat offender punishment [pursuant to OCGA § 17-10-7 (a)] be applied to possession of a firearm by a convicted felon, then every conviction for that offense could result in a minimum punishment of five years, thus rendering the authorized punishment for the offense of one to five years meaningless.

*King*, supra, 169 Ga. App. at 444.

Thus, King's single prior felony conviction for motor vehicle theft could not be used by the prosecution to convict him under OCGA § 16-11-131 *and* to enhance his sentence for said conviction under OCGA § 17-10-7 (a). Therefore, *King* is applicable in those situations where the defendant has one prior felony conviction and, in a subsequent prosecution, he is convicted of firearm possession by a convicted felon. In such situations, the application of OCGA § 17-10-7 (a) eviscerates the sentencing range of one to five years set forth in OCGA § 16-11-131 because the trial court is forced to impose a five-year sentence.

In contrast, the application of OCGA § 17-10-7 (c) to a defendant who has three prior convictions and, in a subsequent prosecution, is convicted for firearm possession by a convicted felon does not eviscerate the sentencing range set forth in OCGA § 16-11-131. Rather, in that subsection of OCGA § 17-10-7, the trial court still has discretion to sentence a defendant to up to five years for felony firearm possession by a convicted felon. *Blevins v. State*, 270 Ga. App. 388 (5) (606 SE2d 624) (2004); *Scott v. State*, 248 Ga. App. 542 (2) (545 SE2d 709) (2001).[3] The application of subsection (c) to a conviction under OCGA § 16-11-131 means only that the sentence imposed of "not less than one nor more than five years" will have to be served without the possibility of parole. Since the sentencing range in OCGA § 16-11-131 is not eviscerated by the application of OCGA § 17-10-7 (c), there is no basis to extend the holding in *King* to that subsection.[4] Accordingly, the judgment of the Court of Appeals is reversed.

---

[3] To the extent *Campbell v. State*, 279 Ga. App. 331 (631 SE2d 388) (2006), can be read as requiring a judge to impose the maximum sentence allowed when sentencing pursuant to OCGA § 17-10-7 (c), it is disapproved.

[4] *Morrison v. State*, 272 Ga. App. 34 (7) (611 SE2d 720) (2005), is overruled to the extent it states that *King* is applicable to OCGA § 17-10-7 (c).

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 13, 2011.

*David McDade, District Attorney, James A. Dooley, Assistant District Attorney*, for appellant.
*J. Scott Key*, for appellee.