716 S.E.2d 576 (2011)
311 Ga. App. 518
WASHINGTON
v.
The STATE.
No. A11A1268.
Court of Appeals of Georgia.
August 25, 2011.
*577 David Michael Burns, Jr., Savannah, for appellee.
Larry Chisolm, Dist. Atty., Christine Sieger Barker, Asst. Dist. Atty., for appellee.
McFADDEN, Judge.
After a bench trial, Robert Washington was convicted of two counts of aggravated battery, possession of a firearm during the commission of a crime and possession of a firearm after having previously been convicted of a felony involving use of a firearm. In sentencing Washington, the trial court ruled, pursuant to subsection (c) of the repeat offender statute, OCGA § 17-10-7, that he is ineligible for parole, because he has three prior felony convictions. Washington appeals, arguing that the trial court erred in sentencing him under OCGA § 17-10-7(c), because one of his prior felonies was used to prove the charge of possession of a firearm after having previously been convicted of a felony involving a firearm, and thus he argues, pursuant to King v. State, 169 Ga.App. 444, 313 S.E.2d 144 (1984) and its progeny, that prior felony cannot also be used to enhance his punishment. But King and its progeny do not apply to this case. We therefore affirm.
King applies only when a defendant is sentenced under both the statute that prohibits convicted felons from possessing a firearm and imposing a range of sentences upon those convicted of doing so, OCGA § 16-11-131, and under subsection (a) of OCGA § 17-10-7, the repeat offender statute. Walker v. Hale, 283 Ga. 131(1), 657 S.E.2d 227 (2008). Washington was sentenced not under OCGA § 16-11-131, but under OCGA § 16-11-133, which imposes a fixed term of incarceration upon convicted felons who use a firearm in the commission of a crime, and subsection (c) of OCGA § 17-10-7.
OCGA § 16-11-131 prescribes incarceration for one to five years as punishment for possession of a firearm by a convicted felon. OCGA § 16-11-133 imposes a fixed 15-year sentence for use of a firearm by a convicted felon in the commission of a felony.
Subsection (a) of OCGA § 17-10-7 provides that a person previously convicted of a single felony offense must be sentenced to the longest term of incarceration prescribed for any subsequent felony. Subsection (c) of that statute provides that persons with three or more prior felony convictions are, in addition, ineligible for parole.
"King and its progeny stand for the limited proposition that the felony used to convict a defendant of possession of a firearm by a convicted felon [under OCGA § 16-11-131] cannot also be used to enhance the defendant's punishment as a repeat offender under OCGA § 17-10-7(a)." Walker v. Hale, 283 Ga. 131(1), 657 S.E.2d 227 (2008). The rule set out in King is not founded on the idea that the defendant's possession of a firearm is "used up" by its consideration under one statute and therefore not available under the other. Rather, the reason for this narrow rule is that to hold otherwise would eviscerate the sentencing range prescribed by the legislature for possession of a firearm by a convicted felon.
[I]f the General Assembly intended that repeat offender punishment pursuant to OCGA § 17-10-7(a) be applied to possession of a firearm by a convicted felon, then every conviction for that offense could result in a minimum punishment of five years, thus rendering the authorized punishment for the offense of one to five years meaningless. *578 (Citation and punctuation omitted.) State v. Slaughter, 289 Ga. 344, 346, 711 S.E.2d 651 (2011).
Therefore, King is applicable in those situations where the defendant has one prior felony conviction and, in a subsequent prosecution, he is convicted of firearm possession by a convicted felon. In such situations, the application of OCGA § 17-10-7(a) eviscerates the sentencing range of one to five years set forth in OCGA § 16-11-131 because the trial court is forced to impose a five-year sentence.
Id. at 346.
In the instant case, neither OCGA § 17-10-7(a) nor OCGA § 16-11-131 is involved. Washington was not convicted under OCGA § 16-11-131; he was convicted under OCGA § 16-11-133(b), which provides that a person who has previously been convicted of a felony involving the use or possession of a firearm and who has on, or within arm's reach of, his person a firearm during the commission of any felony against or involving the person of another, commits a felony that "shall be punished by confinement for a period of 15 years." OCGA § 16-11-133(b)(1). Thus, unlike the one-to-five year sentencing range applicable to a conviction under OCGA § 16-11-131, no sentencing range applies to Washington's conviction under OCGA § 16-11-133(b), which instead mandates a 15-year sentence.
Moreover, as noted above, Washington was sentenced pursuant to subsection (c), not subsection (a), of OCGA § 17-10-7. OCGA § 17-10-7(c) provides that a person convicted of three prior felonies shall, upon conviction for a fourth felony or subsequent felonies, "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." As the Supreme Court recently held in Slaughter, supra, the holding in King does not extend to a sentence imposed under OCGA § 17-10-7(c).
[T]he application of OCGA § 17-10-7(c) to a defendant who has three prior convictions and, in a subsequent prosecution, is convicted for firearm possession by a convicted felon does not eviscerate the sentencing range set forth in OCGA § 16-11-131. Rather, in that subsection of OCGA § 17-10-7, the trial court still has discretion to sentence a defendant to up to five years for felony firearm possession by a convicted felon. The application of subsection (c) to a conviction under OCGA § 16-11-131 means only that the sentence imposed of not less than one nor more than five years will have to be served without the possibility of parole. Since the sentencing range in OCGA § 16-11-131 is not eviscerated by the application of OCGA § 17-10-7(c), there is no basis to extend the holding in King to that subsection.
(Citations and punctuation omitted.) State v. Slaughter, supra.
Although the instant case does not involve a conviction under OCGA § 16-11-131, the Supreme Court's rationale still applies to Washington's conviction under OCGA § 16-11-133(b). Indeed, that rationale is even stronger in this case because, as noted above, there is no sentencing range under OCGA § 16-11-133(b) to be rendered meaningless by the application of OCGA § 17-10-7(c). Because the application of OCGA § 17-10-7(c) does not eviscerate any sentencing range and means only that the sentence imposed on Washington will have to be served without the possibility of parole, King and its progeny do not apply to this case. Accordingly, the trial court did not err in sentencing Washington under OCGA § 17-10-7(c).
Judgment affirmed.
PHIPPS, P.J., and ANDREWS, J., concur.