# Court of Appeals
# of the State of Georgia

ATLANTA,___May 12, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A1342.  FREDERICK B. SLAUGHTER v. THE STATE.**

Frederick B. Slaughter was convicted of multiple offenses, including armed robbery, and was sentenced as a recidivist to life in prison plus 71 consecutive years, without the possibility of parole.  The Supreme Court affirmed Slaughter's sentence, concluding that it is proper under OCGA § 17-10-7 (c) in light of his recidivist status. *State v. Slaughter*, 289 Ga. 344 (711 SE2d 651) (2010).  Since then, Slaughter has filed multiple pro se motions, including a November 2015 motion to correct void sentence in which he relied on *State v. Ingram*, 266 Ga. 324 (634 SE2d 134) (1996), to argue that he was not eligible for a life sentence without parole because the State did not seek the death penalty against him.  The trial court denied the motion, and Slaughter filed this appeal.  We, however, lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

In this case, the Supreme Court has already determined that Slaughter was

lawfully sentenced as a recidivist to life imprisonment without parole under OCGA § 17-10-7 (c). We are, therefore, precluded from revisiting this issue. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court.") (punctuation omitted). Further, our precedent is clear that the *Ingram* rule does not prohibit recidivist sentences of life without parole imposed pursuant to OCGA § 17-10-7. See *Redden v. State*, 294 Ga. App. 879, 881 (2) (670 SE2d 552) (2008). Accordingly, Slaughter has failed to raise a colorable void-sentence claim, and we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____05/12/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*