# Court of Appeals
# of the State of Georgia

ATLANTA,  June 19, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2214. ALLEN B. HALL v. THE STATE.**

Allen B. Hall filed a "Motion to Vacate Void Sentence Due to An Illegal Indictment," arguing that his indictment sets forth an incorrect date of the crime. The trial court denied the motion, and Hall filed this timely pro se appeal.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Hall does not argue that his sentence falls outside the permissible statutory range, but instead alleges an infirmity in the indictment. Such an argument

does not constitute a colorable void sentence claim. See *Guice v. State*, 282 Ga. App.

747, 747-749 (1), (2) (639 SE2d 636) (2006). Because Hall has not raised a valid void

sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,* __06/19/2019__
　　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*