# Court of Appeals
# of the State of Georgia

ATLANTA,　June 06, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1962.  ROBERT WASHINGTON v. THE STATE.**

Following a bench trial, the trial court convicted Robert Washington of aggravated battery and two firearm offenses.  On direct appeal from his judgment of conviction, we affirmed, rejecting Washington's argument that the trial court erred in sentencing him as a recidivist under OCGA § 17-10-7 (c).  *Washington v. State*, 311 Ga. App. 518 (716 SE2d 576) (2011).  Washington again challenged his recidivist sentence on appeal from the denial of his petition for a writ of error coram nobis, contending that he lacked sufficient prior felony convictions to be sentenced under § 17-10-7 (c).  We dismissed that appeal due to Washington's failure to comply with the discretionary appeal procedure under OCGA § 5-6-35 (a) (7) & (b).  See *Washington v. State*, No. A16A0082 (Sept. 22, 2015).  Back in the trial court, Washington filed a motion to correct an illegally imposed sentence, in which he again claimed that he lacked sufficient prior felony convictions to be sentenced under § 17-10-7 (c).  The trial court denied his motion, and we dismissed his ensuing appeal on several grounds, including, in relevant part, that his § 17-10-7 (c) claim was barred by the law of the case.  See *Washington v. State*, No. A16A2095 (Dec. 14, 2016).

In February 2019, Washington filed a "Motion to Correct Clerical Mistake," once again arguing that he lacked sufficient prior felony convictions to be sentenced under § 17-10-7 (c).  The trial court denied Washington's motion, and he filed this direct appeal.  We lack jurisdiction.

As we stated in Case No. A16A2095, because we rejected Washington's challenges to the legality of his recidivist sentence in his prior appeals, the current appeal is barred by the law of the case.  See *Ross v. State*, 310 Ga. App. 326, 327 (713

SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal"). Consequently, there is nothing for us to review in this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  06/06/2019*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*