# Court of Appeals
# of the State of Georgia

ATLANTA,   September 09, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0109. RODGER DALE REDDEN v. THE STATE.

A jury convicted Rodger Redden of armed robbery and aggravated assault in 1997, and he was sentenced to life imprisonment without the possibility of parole for the armed robbery conviction and a consecutive sentence of 20 years imprisonment for the aggravated assault conviction. We affirmed his convictions in an unpublished opinion. See Case No. A98A0825 (Nov. 13, 1998). Redden subsequently filed a motion to vacate his sentences, and the trial court denied this motion. We affirmed the trial court's ruling in 2008. See *Redden v. State*, 294 Ga. App. 879, 879 (670 SE2d 552) (2008). In October 2019, Redden filed a new motion to vacate void sentence, arguing that the trial court erred by failing to hold a presentence hearing in violation of OCGA § 17-10-2 (c). The trial court denied this motion, and Redden has filed this direct appeal. We lack jurisdiction.

Pretermitting whether this new challenge to his sentence is barred by the law of the case, it is still subject to dismissal for failure to state a colorable void-sentence claim. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the

statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Redden's argument that the trial court's failure to conduct a presentence hearing is a procedural issue that does not state a valid void-sentence claim. See *Jones*, 278 Ga. at 670-671 ("Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification."); *Ward v. State*, 299 Ga. App. 63, 64 (682 SE2d 128). Absent a colorable void-sentence claim, we lack jurisdiction over this appeal. See *Frazier*, 302 Ga. App. at 348-349. Accordingly, Redden is not entitled to a direct appeal in this case, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   09/09/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*