# Court of Appeals
# of the State of Georgia

ATLANTA,  December 09, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0018. BRUCE B. GUICE v. THE STATE.**

Bruce Guice pled guilty to armed robbery in 1973. He subsequently filed a pro se motion to vacate a void and illegal sentence and conviction, which the trial court denied. We dismissed his direct appeal. *Guice v. State*, 282 Ga. App. 747 (639 SE2d 636) (2006). Recently, Guice filed a number of pro se motions which the trial court denied on December 19, 2019 in a single order. Guice filed his notice of appeal on July 6, 2020. We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Guice's notice of appeal was untimely filed 200 days after entry of the order he seeks to appeal. Consequently, we lack jurisdiction over this untimely appeal, which is hereby DISMISSED.

Guice mentions in his notice of appeal that he did not receive a copy of the trial court's December 19, 2019 order until June 25, 2020. If Guice's right to appeal was frustrated due to clerical error in the trial court, his remedy is to petition the trial court to vacate and re-enter the order as a means of correcting the problem. See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980). Any re-entry of the order would begin anew the time in which to file a notice of appeal.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,__12/09/2020_____*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*