# Court of Appeals
# of the State of Georgia

ATLANTA, August 26, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0725. ROGER D. REDDEN v. THE STATE.**

Following an August 1997 jury trial, Roger D. Redden was convicted of armed robbery and aggravated assault. He received a sentence of life imprisonment without the possibility of parole for the armed robbery conviction and a consecutive sentence of 20 years imprisonment for the aggravated assault conviction. In 1998, this Court affirmed Redden's conviction and sentence. *Redden v. State*, Case No. A98A0825 (decided November 13, 1998). Approximately ten years later, Redden filed a motion to vacate his sentences, which the trial court denied. Redden appealed, and we affirmed the trial court's ruling. See *Redden v. State*, 294 Ga. App. 879, 879 (670 SE2d 552) (2008). In October 2019, Redden filed a second motion to vacate his sentence as void, arguing that the trial court erred by failing to hold a presentence hearing in violation of OCGA § 17-10-2 (c). The trial court denied this motion, and we dismissed Redden's direct appeal from that order of dismissal. See *Redden v. State*, Case No. A21A0109 (decided September 9, 2020). Redden subsequently filed a pro se motion for a declaratory judgment, in which he sought to have his sentence modfied to include declarations that: (1) his sentence constituted involuntary servitude; and (2) the State was "legally and morally responsible for each and every financial cost incurred by" Redden during his term of such involuntary servitude. The trial court denied the motion, and Redden filed this direct appeal from the trial court's order. As explained below, and pretermitting whether Redden's current challenge to his sentence is barred by the law of the case, it must be dismissed for failure to state a colorable void-sentence claim.

Regardless of its nomenclature, Redden's motion for a declaratory judgment

sought to modify the terms of his sentence. See *State v. Bell*, 274 Ga. 719, 719 (1) (559 SE2d 477) (2002) (when a court considers pleadings, substance controls over nomenclature); *Sledge v. State*, 312 Ga. App. 97, 98 (1) (717 SE2d 682) (2011) ("[c]ourts should examine the substance of a motion, rather than its nomenclature, to determine what sort of relief is sought"). Under OCGA § 17-10-1 (f), however, a court may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, this statutory period expires, as it has here, a trial court may modify a sentence only if that sentence is void — i.e, only if it imposes a punishment that the law does not allow. Id. See also *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) ("[w]hen the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification"). And a direct appeal may lie from an order denying a motion to amend or modify a sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Jones*, 278 Ga. at 669. See also *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

Here, the record before us shows that Redden cannot set forth a colorable claim that his sentence is void. Accordingly, the trial court's order denying his motion for a declaratory judgment is not subject to a direct appeal, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/26/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*